UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ANTHONY TORRES,                          :
                    Petitioner,          :                 PRO SE
                                         :
          -against-                      : 09 Civ. 7944 (RMB)(THK)
                                         : 03 Cr. 504 (RMB)
                                         :
                                         :      REPORT
UNITED STATES OF AMERICA,                :  AND RECOMMENDATION
                                         :
                    Respondent.          :
---------------------------------------X

**TO: HON. RICHARD M. BERMAN, United States District Judge.**
**FROM: THEODORE H. KATZ, United States Magistrate Judge.**

Petitioner Anthony Torres ("Petitioner") pled guilty, on May 18, 2004, to one count of violating 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846 (conspiracy to distribute 100 grams or more of heroin), and was sentenced to a 188-month term of imprisonment. On October 9, 2008, the Second Circuit affirmed Petitioner's conviction. See United States v. Torres, 295 F. App'x 461, 464 (2d Cir. 2008). Petitioner, proceeding pro se, now seeks relief pursuant to 28 U.S.C. § 2255, on the grounds that (1) the District Court imposed the "Career Offender" sentencing enhancement pursuant to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Section 4B1.1, as if it were mandatory; and (2) that both trial and appellate counsel were ineffective for failing to argue against the mandatory imposition of the Ccareer Offender enhancement. This action was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72.1(a) of the Local Civil Rules of the Southern District of New York. For the reasons that follow, the Court recommends

that the Petition be dismissed with prejudice.

## BACKGROUND

### I.   Petitioner's Plea and the Sentencing Recommendations

On May 18, 2004, Petitioner pled guilty to conspiring to distribute 100 grams or more of heroin, in violation of Title 21 of the United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846. Prior to Petitioner's plea, the Government provided him with a letter, pursuant to United States v. Pimental, 932 F.2d 1029, 1034 (2d Cir. 1991), that stated the Government's belief that Petitioner should be sentenced under the Career Offender provisions of the Guidelines. Accordingly, the Government informed Petitioner that his adjusted Guidelines Offense Level would be 34, the Criminal History Category would be VI, and the applicable Guidelines sentencing range would call for 262 to 327 months' imprisonment.

After the plea, the Probation Office prepared the Pre-Sentence Report ("PSR"), which, based on U.S.S.G. § 4B1.1, also categorized Petitioner as a Career Offender due to two prior felony convictions involving a controlled substance. (See PSR ¶ 50.) The PSR agreed with the Government, finding that since Petitioner was a Career Offender, he was in Criminal History Category VI, and his Base Offense Level was 34, but it reduced the Total Offense Level to 31 because of Petitioner's acceptance of responsibility. (See id. ¶¶ 27-28.) Taking into account Petitioner's prior convictions,

2

including the two felony convictions which qualified Petitioner as a Career Offender, his Guidelines sentencing range was 188 to 235 months' imprisonment, and the Probation Office recommended a 188-month term.

Petitioner's trial counsel, Edward Wilford, Esq., submitted two letters to the District Court on Petitioner's behalf, in advance of sentencing. In the first letter, dated September 7, 2004 (see Ex. A to the Government's Memorandum of Law in Opposition to Defendant's Motion to Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 ("Govt. Mem.")), trial counsel argued for a downward departure from Criminal History Category VI to Criminal History Category IV. He contended that Petitioner should not be categorized as a Career Offender because his two convictions occurred eight years apart, and his drug addiction should be considered a mitigating factor in his crimes. Additionally, counsel noted that the two prior convictions, which were the basis of Petitioner's Career Offender status, were infirm because they "occurred at a time when most pleas in state courts did not adequately apprise defendants of their rights so that a knowing and intelligent waiver of those rights at the time of plea could be accomplished." (Govt. Mem. Ex. A. at 3.) However, trial counsel never identified any specific infirmity with the two convictions.

On May 13, 2005, Petitioner's trial counsel submitted a second letter requesting that the Court sentence Petitioner in accordance

with <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), and <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005). (<u>See</u> Govt. Mem. Ex. B.)  Counsel pointed out that as a result of <u>Booker</u>, the Guidelines are no longer mandatory, as judges must consider all the factors set forth in 18 U.S.C. § 3553(a) when sentencing a defendant.    In addition, counsel argued that under <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254 (2005), enhancing Petitioner's sentence by categorizing him as a Career Offender would violate his constitutional right to have a jury determination on every fact that enhances his sentence, including his prior criminal history.    Counsel concluded that Petitioner should be granted a downward departure to Offense Level 18 and Criminal History Category IV, and should receive a sentence of 41 months in prison.    (Govt. Mem. Ex. B at 4.)

## II.  **Petitioner's Sentence**

On June 2, 2005, the District Court (Hon. Richard M. Berman) held a sentencing hearing.    At the hearing, the Court confirmed that Petitioner and his attorney had reviewed and discussed the PSR, and, after noting two minor objections, which were accepted, the Court adopted the folowing findings and recommendations in the PSR: that Petitioner was a Category VI offender, had a Total Offense Level of 31, and should receive a sentence of 188 months' imprisonment. (<u>See</u> Sentencing Tr. at 12-13.)

Before the imposition of sentence, defense counsel argued that

4

Sentencing Guideline 5A1.4, which states that drug or alcohol abuse is no reason to impose a sentence below the Guidelines, is contradicted by the requirement under 18 U.S.C. § 3553(a)(1) that the sentencing judge consider the nature and the circumstances of a particular defendant.   Defense counsel acknowledged that Petitioner did not take advantage of the opportunities he was provided, such as family counseling, anger management, and drug rehabilitation, but argued for a more lenient sentence because Petitioner's criminal activity was tied to his narcotics addiction. Since drug abuse was ingrained in Petitioner's background, a 188-month prison term would not effectively remedy Petitioner's condition, and a sentence focused on rehabilitation was more appropriate.   Defense counsel also reiterated points from his pre-sentencing submissions, arguing that because the Guidelines were no longer mandatory, and <u>Booker</u> requires the sentencing judge to consider all of the § 3553(a) factors, the Court should not impose a Guidelines sentence.   (<u>See</u> Sentencing Tr. at 16-19.)   He also argued that Petitioner's due process rights would be violated without a formal adjudication regarding his prior convictions, as they were the basis of his Career Offender status.

In response, the Court noted that Petitioner had at least seven prior convictions, three of which were not assessed criminal history points, and that Petitioner had not complied with prior punishments such as supervised probation, family counseling, and

anger management classes. The Court also rejected trial counsel's contention that Shepard required either a determination by a jury that Petitioner's prior convictions occurred, or that the Government make an additional showing to support Career Offender status.

After acknowledging that the Guidelines are no longer mandatory, and stating that he considered all the factors contained in 18 U.S.C. § 3553(a), the District Court adopted the PSR's recommendation of a 188-month prison sentence, along with five years of supervised release, noting that "Section 3553(a), specifically includes, as one of the factors to look at, the sentencing guidelines, not mandatory, but the sentencing guidelines, but it specifically directs the court to consider the sentencing guidelines and the sentencing guidelines policy statement." (Sentencing Tr. at 17:1-5.)

**III. Appellate Proceedings**

On May 16, 2007, in response to Petitioner's pro se motion, pursuant to 28 U.S.C. § 2255, in which he claimed his trial counsel's deficient performance denied him the opportunity to appeal, the District Court vacated the original Judgment, and issued an identical Amended Judgment, thus allowing Petitioner to pursue a direct appeal. On appeal, Petitioner argued through counsel that the sentencing range proposed to the District Court by both the PSR and the Government, overstated Petitioner's criminal

6

nature; that the use of Petitioner's prior New Jersey convictions, which were the basis of his Career Offender status, violated his right to due process, because Petitioner never acknowledged them and they were not evaluated by a jury; and that the 188-month sentence Petitioner received was unreasonable in light of the § 3553(a) factors, particularly Petitioner's background and drug use. (See Appellate Brief, dated Nov. 26, 2007 (Govt. Mem. Ex. D).)

The Second Circuit rejected these arguments, and affirmed Petitioner's sentence.  See United States v. Torres, 295 F. App'x 461, 464 (2d Cir. 2008).  It held that the District Court properly considered each of the § 3553 factors, and that the sentence was "both procedurally and substantively reasonable."   Id. Furthermore, it found that the District Court did not violate Petitioner's right to due process by treating him as a Career Offender.  See id. at 463.

### DISCUSSION

Petitioner now argues in his Motion to Vacate that: (1) by applying Section 4B1.1 of the Guidelines, the District Court imposed a sentence mandated by Congress and ignored the factors set out in 18 U.S.C. 3553(a)(4); and (2) trial and appellate counsel were both ineffective for failing to argue against the mandatory imposition of the Career Offender enhancement.

### I. Habeas Legal Standard

Section 2255 authorizes a court to vacate or set aside a

7

sentence where the sentence "was imposed in violation of the Constitution or laws of the United States," where the court was "without jurisdiction to impose such sentence," where "the sentence was in excess of the maximum authorized by law," or where the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Other than "constitutional error," the only proper basis for a collateral attack is "an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation marks omitted); see Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962) (explaining that § 2255 affords relief for "omission[s] inconsistent with the rudimentary demands of fair procedure").

## II. The District Court Properly Applied the Section 3553 Factors

Petitioner's sentence did not violate the Constitution or any federal law, nor did it result in a miscarriage of justice.

Pursuant to the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a sentencing judge must consider the formerly mandatory Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). See id. at 264, 125 S. Ct. at 767. A sentence satisfies the requirements of Booker and the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable

8

departures under the Guidelines system; (2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and (3) imposes a reasonable sentence. Id. When assessing whether a sentence is reasonable, a reviewing court considers the sentence, as well as the procedures used in arriving at the sentence. See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006) (citing United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005)).

Here, the District Court satisfied all of the Booker requirements and followed reasonable procedures when it sentenced Petitioner to a 188-month prison term. A district court properly begins sentencing proceedings by calculating the applicable Guidelines range. See Gall v. United States, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). In Petitioner's case, the District Court did just that, as it reviewed the Pre-Sentence Report and letters from both defense counsel and the United States Attorney's Office, and calculated Petitioner's Guideline range at 188 to 235 months of imprisonment. It also noted that the Probation Office recommended a sentence at the bottom of the range, of 188 months. (Sentencing Tr. at 6:5-9.) Although the Court ultimately adopted a Guidelines recommended sentence, throughout the sentencing hearing it acknowledged that it was no longer bound

by the Guidelines, and, instead, noted several times that they are just one factor to consider when imposing a sentence.    (See Sentencing Tr. at 6:7-8; 8:14-15; 17:1-5.)

The District Court also heard, considered, and rejected defense counsel's arguments at the hearing that Petitioner's Criminal History Category VI assessment was an overstatement, and that Petitioner's drug-use history warranted a reduction in his sentence.    The Court concluded that the Criminal History Category was not an overstatement because: (1) no infirmity in Petitioner's prior convictions had been demonstrated (see id. at 12, 21); (2) Petitioner had at least seven prior convictions, for three of which he did not receive any criminal history points (see id. at 10-11); and (3) it was not clear that Petitioner had utilized the opportunities for rehabilitation that were available to him (see id. at 12).[1]  Finally, after determining Petitioner's sentence, the Court explained its reasoning:

> Briefly, the reasons for the sentence are that I have considered all of the factors at 3553(a) including, among others, the needs for punishment, deterrence, and rehabilitation; in addition, the nature and circumstances of the offense, and the history and characteristics of the defendant, including his drug dependency.   And I imposed the sentence in order to achieve - to reflect, rather, the seriousness of the offense, to promote respect for the law, and to provide needed rehabilitative measures, including the other factors that I mentioned

---

[1] The Second Circuit "entertain[s] a strong presumption that the sentencing judge has considered all arguments properly presented to [him], unless the record clearly suggests otherwise."  Fernandez, 443 F.3d at 29.

before.

(Id. at 30:22-31:8.)

The District Court clearly considered all of the Section 3553(a) factors, the non-mandatory nature of the Guidelines, and followed reasonable procedures when determining Petitioner's sentence.  As the Second Circuit held:

> In choosing to stay within the Guideline range, the District Court considered the factors set forth in Section 3553(a), specifically citing several of them at sentencing.  In light of the steps taken by the District Court, and the record before us, we conclude that the defendant's sentence was the result of an "individualized assessment based on the facts presented," and that the sentence was both procedurally and substantively reasonable.

Torres, 295 F. App'x at 464.

Petitioner argues that a Guidelines range sentence was unconstitutional in the aftermath of Booker.  He contends that since the Career Offender Guideline, § 4B1.1, was intended to implement 28 U.S.C. § 994(h), which states in pertinent part that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for Career Offenders, a predetermined sentence has been mandated.  (See Pet. Brief at 14.)   This argument fails to recognize, however, that following Booker, and the ensuing revisions it prompted to Title 18, United States Code Section 3553, sentencing courts are no longer required to adhere to the Guidelines if they conclude that such a sentence is unwarranted in

11

light of all the factors contained in § 3553(a). Conversely, although the Guidelines are no longer mandatory, a sentence consistent with the Guidelines can still be imposed so long as it is reasonable, taking into account all of the § 3553 factors. In fact, in Petitioner's case, the Court concluded that such a sentence was reasonable. See Rita v. United States, 551 U.S. 338, 347, 127 S. Ct. 2456, 2463 (2007) ("[B]y the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one."); United States v. Melvin, No. 09-2839-cr., 2010 WL 2130798, at *2 (2d Cir. May 27, 2010) ("We will rarely identify substantive unreasonableness in a Guidelines sentence.").

Moreover, Petitioner is procedurally barred from bringing a claim regarding the reasonableness of his sentence, or a claim that his sentence was not determined in accordance with § 3553. The Second Circuit has already determined that Petitioner's "sentence was the result of an individualized assessment based on the facts presented, and that the sentence was both procedurally and substantively reasonable." Torres, 295 F. App'x at 464 (internal citation and quotation marks omitted). "Section 2255 may not be employed to relitigate questions which were raised and considered

on direct appeal." <u>United States v. Becker</u>, 502 F.3d 122, 127 (2d Cir. 2007) (quoting <u>Cabrera v. United States</u>, 972 F.2d 23, 25 (2d Cir. 1992)); <u>see also</u> <u>United States v. Pitcher</u>, 559 F.3d 120, 123 (2d Cir. 2009). Petitioner's convoluted claim that he is now arguing — that the Career Offender Guideline mandates that a defendant be sentenced to at or near the maximum term, and, therefore, the Distict Court applied a mandatory Sentencing Guideline — is simply another way of arguing that the District Court did not properly consider the § 3553 factors in imposing sentence. That claim has already been rejected and, as discussed, is meritless. Accordingly, it should be dismissed.

## III. Ineffective Assistance of Counsel

Petitioner claims that both his trial counsel, and his appellate counsel, were ineffective because they failed to challenge the imposition of the Career Offender enhancement. For the reasons that follow, this claim is meritless.

### A. Legal Standard

A petitioner must satisfy a two-part test in order to establish that his Sixth Amendment right to effective assistance of counsel has been violated. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064-65 (1984); <u>Henry v. Poole</u>, 409 F.3d 48, 62-63 (2d Cir. 2005); <u>Lanfranco v. Murray</u>, 313 F.3d 112, 118 (2d Cir. 2002). A petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness,

and (2) that the deficient performance of counsel prejudiced the defense. See Henry, 409 F.3d at 63 (citing Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2052).

In applying the first prong of the Strickland test, determining the quality of representation, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 (citation and internal quotation marks omitted); see also United States v. Best, 219 F.3d 192, 201 (2d Cir. 2001) ("Actions or omissions [by counsel] that might be considered sound trial strategy do not constitute ineffective assistance.") (internal quotation marks and citations omitted); Garcia-Giraldo v. United States, No. 07 Civ. 9861 (JGK), 2010 WL 768938, at *7 (S.D.N.Y. Mar. 8, 2010) ("The petitioner cannot meet the first prong of this test merely by showing that his counsel employed a poor strategy or made a wrong decision.") (internal quotation marks and citations omitted).

A strategic decision is a "conscious, reasonably informed decision made by an attorney with an eye to benefitting his client." Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004) (quoting Pavel v. Hollins, 261 F.3d 210, 218 (2d Cir. 2001)). A court must "make every effort . . . to eliminate the distorting

14

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Henry, 409 F.3d at 63 (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2052); see also Cox, 387 F.3d at 198; United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003) (per curiam).

Under the prejudice prong of the Strickland test, a habeas petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. With regards to sentencing, a petitioner must show that but for counsel's ineffectiveness, there is a reasonable probability that the sentence imposed would have been different. See Herrera-Gomez v. United States, No. 08 Civ. 7299 (JGK), 05 Cr. 495 (JGK), 2009 WL 4279439, at *5 (S.D.N.Y. Dec. 1, 2009) (citing United States v. Workman 110 F.3d 915, 920 (2d Cir. 1997)). In order to satisfy the Strickland test, Petitioner must meet the standards of both components. However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

B.   Petitioner's Trial Counsel

Petitioner contends that his trial counsel was ineffective because he "failed to challenge the imposition of a guideline sentence as though it [were] mandatory."   (Pet. Reply at 6.) Respondent argues that this claim fails to satisfy either prong of the Strickland test.   The Court agrees, as the record contradicts Petitioner's claim.

There was nothing objectively unreasonable about trial counsel's representation.  He went to great lengths to convince the District Court not to impose a Guidelines sentence.   He explicitly argued at sentencing that the Court should consider all of the § 3553(a) factors, and noted that the Guidelines were no longer mandatory. (See Sentencing Tr. at 16:21-25) ("But I think when you take into account the factors that 3553(a) require the court to consider, that they are in direct contradictions to the guidelines, and the court should rely on 3553(a)(1) factors as opposed to the policy enunciated under 5A1.4, which is no longer mandatory."). Specifically, counsel argued that the Court should consider Petitioner's narcotics addiction as a mitigating factor. (See id. at 14, 15-16.)  Defense counsel also argued that Petitioner should not be sentenced as a Career Offender because Petitioner's prior convictions were not proven to a jury and were not admitted. (See id. at 17-18.)

Counsel also zealously advocated on Petitioner's behalf prior

16

to sentencing.  He submitted two separate letters with arguments justifying a lesser sentence.  In the first sentencing submission letter, counsel argued that the Court should "afford the defendant a downward departure on the grounds that his computed Criminal History Category over represents his actual criminal history." (See Govt. Mem. Ex. A.)

Following the Supreme Court's decision in Booker, counsel submitted a second letter noting that the Supreme Court had found that strictly sentencing a defendant to the applicable guideline range was unconstitutional.  In the letter, counsel pointed out that judges may still consider the Guidelines, but must also consider the other factors contained in 18 U.S.C. § 3553(a), and identified factors that counsel believed warranted a more lenient sentence for Petitioner.  (See Govt. Mem. Ex. B.)  Trial counsel did not make "errors so serious that [he] was not functioning as 'counsel' guaranteed [Petitioner] by the Sixth Amendment." Strickland, at 466 U.S. at 687.  Accordingly, Petitioner fails to show that his trial counsel's representation was professionally unreasonable, and, thus, fails to satisfy the first prong of Strickland.

Moreover, Petitioner cannot satisfy the prejudice prong of Strickland, because he cannot demonstrate that, even if trial counsel had advanced Petitioner's unmeritorious argument that the application of the Career Offender Guideline was, in fact, a

17

mandatory Guideline sentence, there is a reasonable probability that his sentence would have been different.  Counsel vigorously argued for a non-Guidelines sentence, as well as a downward departure, but the Court rejected those arguments and concluded that, taking into account the § 3553 factors, a Guidelines sentence, at its low end, was reasonable.

Accordingly, since Petitioner fails to satisfy either prong of an ineffective assistance of counsel claim with respect to trial counsel, his claim should be dismissed.

C.   Appellate Counsel

Petitioner also contends that his appellate counsel "failed to challenge the imposition of a guideline sentence as though it was mandatory.  There was absolutely no strategic purpose in counsel's failure to make the obvious challenge to Torres' sentence."  (Pet. Reply at 6.)  As with his ineffective assistance of trial counsel claim, Petitioner's contention relating to his appellate representation also fails.

The two-prong Strickland test applied to ineffective assistance of trial counsel claims is also used to evaluate appellate counsel.  See Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010) (quoting Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009)) (per curiam) (quoting Strickland, 466 U.S. at 694) ("[T]o establish ineffective assistance of appellate counsel, [petitioner] must show that 'counsel's representation fell below an

objective standard of reasonableness,' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). In order for a habeas petitioner to demonstrate that his appellate counsel was ineffective, he must do more than show that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made. However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. Ramchair, 601 F.3d at 73 (citing Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)) (internal citation omitted).

Petitioner cannot show that his appellate counsel's performance was objectively unreasonable, or that but for appellate counsel's ineffectiveness, the Second Circuit would have ruled differently. Appellate counsel reiterated the due process claim originally made by trial counsel, and argued that Petitioner's Criminal History Category overstated his criminal propensity, as most of his criminal convictions occurred before he was 22, and he overcame personal adversity to start a laundry business and raise a son. He also contended that the District Court did not properly address Petitioner's personal history when imposing sentence. (See Pet. Reply at 14-15.) Petitioner's appellate representation was

clearly reasonable.

Moreover, Petitioner cannot show that he was prejudiced by his appellate representation, because appellate counsel articulated an argument similar to the one Petitioner now claims he omitted; however, appellate counsel's argument was more coherent. Petitioner believes that the Guidelines sentence he received was "imposed in a mandatory fashion," and that appellate counsel failed to argue against the sentence being imposed mandatorily. (Pet. Reply at 6.) Notwithstanding the District Court's acknowledgment that the Guidelines are now advisory, appellate counsel argued that the District Court disproportionately weighted the Guidelines' recommendation when sentencing Petitioner. In his appellate brief, counsel noted that the Guidelines were no longer mandatory, and that the "imposition of a guideline-range sentence in spite of counsel's non-frivolous arguments to the contrary, indicate that the guidelines estimate played a more important part in sentencing defendant than that of merely one factor amidst the many 3553(a) factors to be considered." (App. Brief at 12.)

This argument is substantially similar to, if not simply another way of stating what Petitioner claims in his Petition. The Second Circuit rejected the claim, noting that the District Court chose a sentence on the low end of the Guideline range, and that it considered the Section 3553(a) factors, citing several of them. See Torres, 295 F. App'x at 464. Petitioner fails to show that had

appellate counsel articulated the claim as Petitioner does, there is a reasonable probability that he would have prevailed on appeal. Accordingly, his claim that appellate counsel was ineffective should be dismissed.[2]

### CONCLUSION

For the reasons set forth above, Petitioner has not demonstrated that the sentence he received is constitutionally infirm, or that his trial or appellate representation was ineffective. Accordingly, the Petition should be dismissed with prejudice. As Petitioner has not made a substantial showing of a denial of a constitutional right, this Court recommends that no certificate of appealability be issued. See 28 U.S.C. § 2253(c)(2). This Court further recommends certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445-46, 82 S. Ct. 917, 921 (1962).

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen

---

[2] There is no need for a hearing in this action. Section 2255 provides that a court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001), the Second Circuit made clear that a Court may appropriately rule on a § 2255 motion without a testimonial hearing where the documentary record renders a testimonial hearing unnecessary.

(14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Berman. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec' of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2010
       New York, New York

Copies sent to:

Sean S. Buckley, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Anthony Torres
54947-054
FCI-Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640