```
                                        ┌──────────────────────────────┐
                                        │ USDC SDNY                    │
                                        │ DOCUMENT                     │
                                        │ ELECTRONICALLY FILED         │
UNITED STATES DISTRICT COURT            │ DOC #:_____│
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED: 7/22/10          │
------------------------------------X   └──────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY TORRES,                            :
                                           :
                          Petitioner,      :
                                           :        09 Civ. 7944 (RMB) (THK)
          -against-                        :
                                           :        **DECISION & ORDER**
UNITED STATES OF AMERICA,                  :
                                           :
                          Respondent.      :
------------------------------------------------------------X

I.      **Background**

On or about August 10, 2009, Anthony Torres ("Petitioner") filed a pro se petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to "vacate, set aside, or

correct" his sentence imposed on June 2, 2005 of 188 months incarceration (followed by five

years of supervised release) following a guilty plea entered on May 18, 2004 for conspiracy to

distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. (See Judgment [#22],

03 Cr. 504, dated June 2, 2005, at 1.) On October 9, 2008, the United States Court of Appeals

for the Second Circuit affirmed Petitioner's conviction. See United States v. Torres, 295 F.

App'x 461, 464 (2d Cir. 2008).

Petitioner argues, among other things, that: (1) the Court imposed the "Career Offender"

sentencing enhancement pursuant to § 4B1.1 of the United States Sentencing Guidelines

("Guidelines") "in a mandatory fashion"; and (2) Petitioner's counsel at sentencing, Edward D.

Wilford, Esq. ("Wilford"), and Petitioner's counsel on appeal, Toni Messina, Esq. ("Messina"),

were both ineffective for failing "to challenge the imposition of [the §] 4B1.1 Career Offender

[G]uideline[s] sentence as though it was mandatory." (Pet. at 5–6.)

On December 9, 2009, the United States ("Government") submitted an opposition ("Opposition") arguing, among other things, that: (1) the District Court "properly considered each of the factors (including the Guidelines) mandated by 18 U.S.C. [§] 3553 ('3553 factors') in imposing sentence, and specifically noted that the imposition of sentence within the Guidelines range no longer was mandatory" and that "because the Second Circuit already has evaluated the propriety of the sentence imposed by the District Court in view of the 3553 factors, [Petitioner] is procedurally barred from raising that argument in his [S]ection 2255 [P]etition"; and (2) "[a]t sentencing and on direct appeal, defense counsel argued that the Guidelines were not mandatory, argued against the imposition of the 'career offender' enhancement pursuant to [Guidelines] § 4B1.1, and sought a below Guidelines sentence based upon, inter alia, the 3553 factors." (Mem. of Law in Opp'n to Def.'s Mot. to Vacate, Set Aside, or Correct his Sentence Under 28 U.S.C. § 2255, dated Dec. 9, 2009, at 1, 15–16.)

On January 11, 2010, Petitioner submitted a reply.

On June 18, 2010, United States Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued a thorough report and recommendation ("Report"), recommending that the Petition be denied because, among other reasons: (1) "[t]he District Court clearly considered all of the Section 3553(a) factors, the non-mandatory nature of the Guidelines, and followed reasonable procedures when determining Petitioner's sentence"; and (2) the record contradicts Petitioner's claim that his counsel were ineffective because Wilford "went to great lengths to convince the District Court not to impose a Guidelines sentence" and Messina "argued that the District Court disproportionately weighted the Guidelines [] when sentencing Petitioner." (Report at 11, 16, 20.)

On or about June 28, 2010, Petitioner submitted objections ("Objections") to the Report arguing essentially the same points he presented to Judge Katz. (See Objections at 1.)

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II.     Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 635(b)(1)(C); see also Gross v. United States, No. 07 Civ. 11298, 2009 WL 2195976, at *1 (S.D.N.Y. July 21, 2009). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 13 F.3d 787, 790 (2d Cir. 1994).

## III.     Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Katz are supported by the record and the law

in all respects.[1]  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Petitioner's

Objections do not provide any basis for departing from the Report's conclusions and

recommendations.

**(1)     18 U.S.C. § 3553(a) Factors Were Considered**

Judge Katz properly concluded that "the District Court satisfied all of the Booker

requirements and followed reasonable procedures when it sentenced [P]etitioner" and that "the

District Court also heard, considered, and [ultimately] rejected defense counsel's argument at the

hearing that Petitioner's Criminal History VI assessment was an overstatement."  (Report at 9–

10; see Tr. of Proceedings before Hon. Richard M. Berman, dated June 2, 2005 ("Hr'g Tr."), at

12:9-12, 14:7-9 ("THE COURT:  I have considered the particular circumstances of this case and

all the factors that one is required to consider under 18 U.S.C. [§] 3553(a).")); see also United

States v. Simmons, No. 09-1958-cr, 2010 WL 2573500, at *2 (2d Cir. June 25, 2010) ("In the

overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad

range of sentences that would be reasonable in the particular circumstances.").

Judge Katz also properly concluded that "because the Second Circuit already has

evaluated the propriety of the sentence imposed by the District Court in view of the 3553 factors,

the [Petitioner] is procedurally barred from raising that argument in his section 2255 petition."

(Report at 15–16); see Reese v. United States, 329 F. App'x 324, 326 (2d Cir. 2009) ("a section

2255 petition cannot be used to relitigate questions which were raised and considered on direct

appeal"); see also Torres, 295 F. App'x at 464 ("In choosing to stay within the Guideline[s]

---

[1]      As to any portion of the Report to which no objections have been made, the Court
concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any
Objections not specifically addressed in this Order have been considered de novo and rejected.

range, the District Court considered the factors set forth in Section 3553(a), specifically citing several of them at the sentencing hearing.").

**(2)     Ineffective Assistance of Counsel Claim**

Judge Katz properly determined that Petitioner cannot show that Wilford was ineffective, i.e., that counsel failed to challenge the imposition of the Career Offender Enhancement at Petitioner's sentencing, because Wilford "zealously" argued on Petitioner's behalf prior to sentencing that Petitioner should not be sentenced as a Career Offender.  (Report at 16; see Letter from Edward D. Wilford, Esq. to Hon. Richard M. Berman, dated Sep. 7, 2004, at 5 (the "circumstances that resulted in [Petitioner] being treated as a career offender clearly reflect that . . . [Petitioner]'s Criminal History Category grossly over represents the seriousness of his criminal record"); Hr'g Tr. at 19:10-20 ("MR. WILFORD:  [W]hen the Court considers, not only in light of Mr. Torres' personal conditions, but the legal insufficiency of the underlying convictions as a basis for enhancing his sentence from 60 months to 188 months, . . . it's inappropriate to sentence Mr. Torres to anything beyond the 60 months.")); see also Rodriguez-Quezada v. United States, No. 08 Civ. 5290, 2008 WL 4302518, at *2 (S.D.N.Y. Sept. 15, 2008) (effective assistance offered where "counsel argued that petitioner's criminal history category substantially overstated the seriousness of his criminal history, and counsel made that argument effectively both in writing prior to sentencing and at sentencing itself").

Judge Katz also properly determined that Petitioner cannot show that Messina was ineffective, i.e., that counsel failed to challenge the imposition of the Career Offender Enhancement on appeal, because Messina "articulated an argument similar to the one Petitioner [] claims he omitted."  (Report at 20; see Br. on Behalf of Def. at 8); see United States v. Torres, No. 07-2391-cr (2d Cir. Nov. 26, 2007); see also United States v. Erskine, No. 09 Civ. 2538,

2009 WL 3335294, at *3 (S.D.N.Y. Oct. 14, 2009) (when the "grounds for [Petitioner's] petition are based on an inaccurate account of the record, [] they are rejected").

**IV.     Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case.  See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).  Any appeal from this Order will not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

**V.     Conclusion and Order**

For the reasons stated herein, the Report is adopted in its entirety and the Petition is denied.  The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
      July 22, 2010

_____
**RICHARD M. BERMAN, U.S.D.J.**